IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREW C. SMITH,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:11-cv-00430

WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant West Virginia University Board of Governors' Motion to Dismiss [Docket 6] and Defendant Christina DeBiase's Motion to Dismiss [Docket 8].  For the reasons set forth below, Defendants' motions are **GRANTED**.

*I.  BACKGROUND*

This action arises from Plaintiff's allegations that Defendants unlawfully dismissed him as a student from the West Virginia University School of Dentistry ("WVU").  Defendant filed the action against the West Virginia University Board of Governors ("Board") and Dr. Christina DeBiase, individually and in her capacity as Associate Dean for Academic Affairs and Chair of the Academic and Professional Standards Committee ("Committee").

Defendant entered dental school in the fall of 2006, and was later dismissed on June 19, 2009, at the end of his third year.  Plaintiff appealed the dismissal and was offered reinstatement in the dental school beginning in the spring of 2010 as a second year student.  After the spring 2010 semester, Defendant was again dismissed.  Plaintiff then filed a "Petition for Writ of

Mandamus and/or Writ of Prohibition" in the Circuit Court of Kanawha County, West Virginia, on June 10, 2010. As a result, the circuit court stayed Plaintiff's dismissal and reinstated his privileges to attend WVU on June 15, 2010. Smith was eventually reinstated as a third year student on August 20, 2010, however he was required to take a second year course that caused him to miss four third year classes, setting him back another year. However, on August 23, 2010, the Academic and Standards Committee voted to uphold the prior recommendation of dismissal. On January 5, 2011, his dismissal was made final, however, Plaintiff states that on January 10, 2011, he was still enrolled in classes for the spring of 2011.

Plaintiff filed his complaint on June 20, 2011, and then amended the complaint on June 30, 2011, asserting twelve counts: (1) preliminary/permanent injunction; (2) declaratory judgment; (3) 42 U.S.C. § 1983—fourteenth amendment substantive due process; (4) 42 U.S.C. § 1983—fourteenth amendment procedural due process; (5) 42 U.S.C. § 1983—fourteenth amendment equal protection; (6) 42 U.S.C. § 12101 *et seq.*—Americans with Disabilities Act ("ADA"); (7) negligence; (8) 42 U.S.C. § 1320 *et seq.*—violation of the Health Insurance Portability and Accountability Act ("HIPAA"); (9) invasion of privacy; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; and (12) unjust enrichment.

On July 27, 2011, and July 28, 2011, the Board and Dr. DeBiase, respectively, moved to dismiss the complaint for failing to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded to the motions on August 22, 2011, and Defendants filed a joint reply on September 22, 2011.

## II. MOTION TO DISMISS STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint or pleading. Defendants' motions to dismiss must be evaluated under the pleading standard set forth in Rule 8(a)(2) of the Federal

Rules of Civil Procedure and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Twombly* states that a well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 569. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). In testing the sufficiency of the complaint, the Court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (all factual allegations in pleadings assumed to be true).

### III. DISCUSSION

Defendants argue that Plaintiff's claims, with the possible exception of the ADA claim and the intentional infliction of emotional distress claim, must be dismissed pursuant to the Eleventh Amendment of the Constitution. Defendants also argue that Plaintiff's ADA claim is deficient because he failed to plead from what disability he suffers. They also argue that Plaintiff cannot maintain a private action under HIPAA. Finally, they argue that Plaintiff has not

alleged enough facts to support his invasion of privacy claim and his intentional infliction of emotional distress claim.

    *A.*    *Eleventh Amendment Immunity*

        *(1)*    *42 U.S.C. § 1983 Claims against the Board and Dr. DeBiase in her official capacity*

Under federal law, a cause of action for civil rights violations by government officials is provided by 42 U.S.C. § 1983. This statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

A federal civil rights claim based upon § 1983 has two essential elements: "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eleventh Amendment, however, generally bars a § 1983 claim against a defendant who is alleged to have acted in his official capacity. It is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)); *Fridley v. W. Va. Dep't of Corr.*, No. 3:08-CV-111, 2009 WL 1097529 at * 2 (N.D.W. Va. April 22, 2009) (Bailey, J.) (citing *Giancola*) ("The State of West Virginia and its components have been held to be entitled to Eleventh Amendment immunity."); *Meadows v. Huttonsville Corr. Ctr.*, 793 F. Supp. 684, 685 (N.D.W. Va. 1992) (Maxwell, C.J.) (citing *Will*, 491 U.S. at 71) ("Litigants are not provided a federal forum by § 1983 when they seek a remedy against a state for alleged deprivation of civil liberties. The Eleventh Amendment bars such suits unless the

state has waived its immunity. The same principle applies to suits brought against "appendages" of the State, such as state agencies.").

The Board is a state agency. Syl. pt. 1, *Univ. of W. Va. Bd. of Trs. v. Graf*, 516 S.E.2d 741 (W. Va. 1998). Accordingly, Plaintiff's § 1983 claims against the Board must be dismissed. Additionally, Plaintiff alleges that Dr. DeBiase acted in her official capacity in violating his rights under § 1983. However, Dr. DeBiase must be dismissed because she is not a "person" within the meaning of 42 U.S.C. § 1983. Accordingly, the Court **GRANTS** Defendants' motions to dismiss Plaintiffs' § 1983 claims, Counts III, IV, and V, against the Board and Dr. DeBiase in her official capacity.

*(2) Individual 42 U.S.C. § 1983 Claims against Dr. DeBiase*

In Counts III, IV, and V, Plaintiff alleges separate counts under 42 U.S.C. § 1983 for substantive due process, procedural due process, and equal protection.

In Count III, substantive due process, Plaintiff claims that he had a constitutionally protected fundamental right and interest in continuing his education at WVU, a constitutionally protected property interest in continuing his education at WVU, and a constitutionally protected liberty interest in his reputation and opportunity to pursue future employment. (Docket 4 at 16.) Plaintiff alleges that his expulsion was arbitrary and capricious, motivated by bad faith, and without a rational basis. He claims Defendants violated his due process rights under the Fourteenth Amendment when they deprived him of these constitutional rights.

Plaintiff identifies similar alleged constitutionally protected interests in Count IV, procedural due process. He claims he "was not afforded an unbiased, fair, careful, and deliberate review process either prior to or following his expulsion." (*Id.* at 17.) He claims he was deprived sufficient notice and opportunity to be heard, and that there was no rational basis for his expulsion.

5

In order to make out either a substantive or procedural due process claim, a plaintiff is required to allege sufficient facts to support a finding that he was deprived of life, liberty, or property, by governmental action. *Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 109 (4th Cir. 2011). "Generally, a due process claim requires a two-part analysis: 'whether [the plaintiff] was deprived of a protected interest, and, if so, what process was his due.'" *Brown v. Rectors & Visitors of Univ. of Va.,* 361 F. App'x 531, 532 (4th Cir. 2010) (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

In Count V, Plaintiff alleges that he was denied equal protection because he was not treated equally to his peers in terms of grading. To allege an equal protection violation under § 1983, a plaintiff must first establish that "the differential treatment it was afforded was intentional, not the result of mere negligence." *C & H Co. v. Richardson*, 78 F. App'x 894, 902 (4th Cir. 2003). If a plaintiff makes the showing that he was intentionally discriminated against, then the court must "determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) (citations omitted).

Plaintiff has failed to allege any facts in the complaint that Dr. DeBiase has committed any type of § 1983 violation. The facts pertaining to Dr. DeBiase in the complaint are as follows:

- On May 15, 2009, Plaintiff alleges that Dr. DeBiase sent Plaintiff a letter from the Committee recommending his dismissal. (Docket 4 at 3-4.)

- On May 26, 2010, Plaintiff states that Dr. DeBiase, in representing the Committee at an informal student hearing, read to Plaintiff a letter from the Committee recommending his dismissal. During the hearing, Dr. DeBiase stated, without Plaintiff's authorization, that Plaintiff suffered from attention deficit disorder and depression. Dr. DeBiase also asked Plaintiff questions during the hearing. (*Id.* at 8.)

- On June 29, 2010, an evidentiary hearing was held in the Circuit Court of Kanawha County, West Virginia. Plaintiff states that Dr. DeBiase testified at the hearing and

>admitted that the Committee had not granted Plaintiff an exception to receive credit for Fixed Prosthodontics because he did not take the whole course. (*Id.* at 12.)

- During the fall semester of 2010, Dr. DeBiase "solicited and gathered letters, statements or e-mails from [Plaintiff's] professors that would denigrate his performance in clinic and class to justify his dismissal, when his grades did not reflect poor performance." (*Id.* at 14.) Plaintiff claims that Dr. DeBiase acted "intentionally or with reckless disregard" to "properly represent the facts" to the Committee when she provided them with letters that were "slanted and contained inaccurate information." (*Id.*)

- On January 6, 2011, Dr. DeBiase called Plaintiff at home to inform him that he was dismissed from WVU and to not attend classes for the spring semester of 2011. (*Id.* at 15.)

None of these facts support a claim under the theories raised in Counts III, IV, and V. Basically, Plaintiff has alleged that Dr. DeBiase represented the Committee and conveyed the Committee's decisions to dismiss him, which does not come close to alleging a § 1983 violation. Dr. DeBiase's actions in gathering information to distribute to the Committee also are not a § 1983 violation. Individually, she acted as a part of Committee that recommended dismissal. Plaintiff has not connected her actions to his claims of lack of due process or denial of equal protection. Accordingly, the motion to dismiss Dr. DeBiase in her individual capacity as to the § 1983 claims is **GRANTED**.

    *(3) Injunctive Relief*

  Count I of the complaint requests a preliminary injunction "maintaining the status quo of [Plaintiff] . . . as a dental student . . . and prohibiting [Defendants] from taking any adverse action, such as dismissal or expulsion, against [Plaintiff] without seeking to dissolve this injunction." (Docket 4 at 15.)

  As discussed above, the Board is immune to suit under the Eleventh Amendment. However, under *Ex Parte Young*, an exception to the Eleventh Amendment allows federal courts to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law. *Ex Parte Young*, 209 U.S. 123 (1908). The *Ex Parte Young* exception to Eleventh

Amendment immunity is narrow: "It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Because the Board is an agency of the State, the *Ex Parte Young* exception does not apply. Accordingly, the motion to dismiss Count I as to the Board is **GRANTED**

The *Ex Parte Young* exception exists because "a court decree enjoining a State officer from committing future violations of federal law generally will not upset the careful federal balance established by the Constitution and confirmed by the Eleventh Amendment." *Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275, 292 (4th Cir. 2001). However, the application of the *Ex Parte Young* exception is "strictly limited . . . to circumstances in which injunctive relief is necessary to 'give[] life to the Supremacy Clause.'" *Id.* (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Courts must "evaluate the degree to which a State's sovereign interest would be adversely affected by a federal suit seeking injunctive relief against State officials, as well as the extent to which *federal*, rather than State, law must be enforced to vindicate the federal interest." *Bragg*, 248 F.3d at 293 (citing *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 270 (1997)).

Dr. DeBiase is sued "in her official capacity as Associate Dean for Academic Affairs and Chair of the Academic and Professional Standards Committee." Thus, the *Ex Parte Young* exception might apply to her to allow Plaintiff to pursue injunctive relief against her in this way. As discussed above, Plaintiff cannot show that Dr. DeBiase committed or is committing any constitutional violation. Therefore, he cannot establish an *Ex Parte Young* preliminary

injunction against Dr. DeBiase, and the motion to dismiss Count I as to Dr. DeBiase is **GRANTED**.[1]

> (4) *Declaratory Relief*

The Declaratory Judgment Act provides: "In an actual controversy within its jurisdiction . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party in seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Declaratory Judgment Act is "an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (citation omitted). A declaratory judgment action is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relation in issue, and . . . when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

Count II seeks a declaratory judgment under 28 U.S.C. § 2201 declaring Plaintiff's grade in Fixed Prosthodontics as null and void, Plaintiff's dismissals based on his Fixed Prosthodontics grade as improper, and Plaintiff's transcript erroneous. As Plaintiff asks the Court to declare rights under state law, and no constitutional violation is alleged in this count, the Court must also find Defendants immune. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (holding an exception to Eleventh Amendment immunity "inapplicable in a suit against state

---

[1] Further, the *Ex Parte Young* exception does not apply to actions against state officials seeking to compel compliance with state law. *Antrican v. Odom*, 290 F.3d 178 (4th Cir. 2002). Accordingly, if Plaintiff through his complaint is trying to enjoin Dr. DeBiase from violating any state law, then he is unable to do so.

9

officials on the basis of state law").[2]  Accordingly, Defendants' motions to dismiss this count are **GRANTED**.

### B. *Immunity for State Law Claims*

Plaintiff asserts several state law claims against Defendants.  Defendants argue that they are immune from suit under West Virginia law.  Plaintiff indirectly asserts that because there is liability insurance coverage in this instance, there is no immunity.

Article VI, § 35 of the West Virginia Constitution provides that the "state of West Virginia shall never be made defendant in any court of law or equity."  Thus, Defendants, a state agency and its employee, are generally immune from suit.  Notwithstanding this immunity, a plaintiff may maintain an action against the State if the State Board of Insurance has acquired the kind of coverage which would afford recovery under the circumstances of the case.  *Parkulo v. W. Va. Bd. of Prob. & Parole*, 483 S.E.2d 507, 515 (W. Va. 1996).  "Suits which seek no recovery from state funds, but rather allege that recovery is sought under and up to the limits of the State's liability insurance coverage, fall outside the traditional constitutional bar to suits against the State."  Syl. pt. 1, *Parkulo*, 483 S.E.2d 507.  The Supreme Court of Appeals of West Virginia refuses to review suits against the State under the liability insurance coverage "unless it is alleged that the recovery sought is limited to the applicable insurance coverage and the scope of the coverage and its exceptions are apparent from the record."  *Parkulo*, 483 S.E.2d at 516.

In his response, Plaintiff mentions that there is liability insurance coverage for this claim.  (Docket 15 at 6.)  He states that an award "will not affect the State of West Virginia or the State Treasury."  (*Id.*)  However, this is at odds with the remainder of his pleadings, which request

---

[2] "A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law.  On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism and the Eleventh Amendment."  *Pennhurst*, 465 U.S. at 106.

numerous compensatory and punitive damages.[3] It is not apparent from Plaintiff's pleadings that the recovery sought is limited under the applicable insurance coverage. Further, Plaintiff has not identified any applicable insurance policy that would provide for the immunity exception. Accordingly, Plaintiff has failed to adhere to the requirements of *Parkulo* and the Court **GRANTS** Defendants' motions to dismiss the state law claims against them.

    C.    *Qualified Immunity*

Dr. DeBiase asserts that she is entitled to qualified immunity. (Docket 9 at 8.) Plaintiff did not respond to this argument. State officials have qualified immunity for federal claims "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The same approach is also used to determine whether a state official has qualified immunity for state claims brought against them. Government officials have qualified immunity for state law claims only when there is a violation of clearly established law. *Robinson v. Pack*, 679 S.E.2d 660, 665-66 (W. Va. 2009). As discussed below, Plaintiff has failed to allege that Dr. DeBiase violated any statutory or constitutional right. Accordingly, Dr. DeBiase is entitled to qualified immunity.

    D.    *Other Claims*

        *(1)*    *ADA*

In Count VI, Plaintiff alleges that the Board and its agents "unfairly discriminated against . . . Plaintiff based upon a disability and failed to reasonably accommodate for Plaintiff's disability." (Docket 4 at 19.) He states that on September 15, 2009, the Board "knew or should have known that . . . Plaintiff was suffering from a disability." As Defendants correctly note in their motions to dismiss, "Plaintiff has not articulated what provision of the ADA Defendants

---

[3] Punitive damages are not allowed under the Governmental Torts Claims and Insurance Reform Act. W. Va. Code § 29-12A-7.

11

allegedly violated and has not provided any other factual information to support his conclusory allegations." (Docket 7 at 14; Docket 9 at 15.) A plaintiff is required to allege a disability when alleging a violation of the ADA, whether under Title I or II. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005); *Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 685-86 (4th Cir. 1997). In his response, Plaintiff only offers that Defendants' motions are "premature in the discovery process." (Docket 15 at 8.) Because Plaintiff never alleges that he has a disability, he has not even come close in alleging an ADA claim. Thus, Defendants' motions to dismiss the ADA claim are **GRANTED**.

### *(2)   HIPAA*

Plaintiff alleges in Count VIII that Defendants violated HIPAA. (Docket 4 at 20.) Defendants argue that Plaintiff cannot maintain a private action under HIPAA. (Docket 7 at 15; Docket 9 at 17.) Plaintiff agrees, and agrees to dismiss this count of the complaint. (Docket 15 at 8.) Accordingly, the Court **GRANTS** Defendants' motions to dismiss this count.

### *(3)   Invasion of Privacy*

In Count IX, Plaintiff alleges: "The reckless actions, inactions or omissions of . . . Defendants constituted an unreasonable intrusion upon the privacy rights of Plaintiff." (Docket 4 at 21.) He states that this has caused him "damage to . . . his reputation, embarrassment, humiliation and mental anguish or emotional distress." (*Id.*) Defendants assert that Plaintiff has failed to allege any facts that could support an invasion of privacy claim. Plaintiff responds that Defendants' motions are premature and "can be readily ascertained during discovery." (Docket 15 at 8.)

There are four types of "invasion of privacy" actions in West Virginia: (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that

unreasonably places another in a false light before the public. Syl. pt. 8, *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70 (W. Va. 1984). Plaintiff has not specified which type of invasion of privacy action he is attempting to allege.[4] Nor has he provided anything beyond conclusory statements in attempting to allege an invasion of privacy claim. Most troubling, Plaintiff has not provided any facts to aid the Court in determining what he is attempting to plead in this count. Accordingly, Defendants' motions to dismiss the invasion of privacy count are **GRANTED**.

### (4) Intentional Infliction of Emotional Distress

Plaintiff alleges in Count X that "the actions, inactions or omissions of . . . Defendants were intentional acts or acts with reckless disregard causing [Plaintiff] to suffer severe emotional distress." (Docket 4 at 21.) Defendants argue that "Plaintiff has simply parroted the elements of an intentional infliction of emotional distress claim." (Docket 7 at 18; Docket 9 at 20.) However, Plaintiff has not even wholly parroted the elements. In West Virginia, to establish a claim for intentional infliction of emotional distress, a plaintiff must show:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Travis v. Alcon Labs., Inc*., 504 S.E.2d 419, 425 (W. Va. 1998). Further, and as Defendants assert in their motions, Plaintiff has alleged no facts to support an allegation that Defendants acted in such a manner to exceed the bounds of decency. Accordingly, the Court finds that Plaintiff has not alleged enough facts to state a cognizable claim for intentional infliction of emotional distress. Therefore, Defendants' motions to dismiss this count are also **GRANTED**.

---

[4] Defendants assume that Plaintiff is alleging unreasonable intrusion upon seclusion. (Docket 7 at 16; Docket 9 at 18.)

13

### E. Remaining State Law Claims

In Count VII, Plaintiff alleges a negligence cause of action against Defendants. Plaintiff states that Defendants owed him "certain duties" as a WVU student, that they "negligently failed to adhere and/or apply their established policies to . . . Plaintiff," that they breached their "various duties" to Plaintiff, and that Plaintiff has suffered damages as a direct and proximate result of Defendants' actions. (Docket 4 at 19-20).

Count XI is a negligent infliction of emotional distress cause of action. Plaintiff provides that the "actions, inactions or omissions of . . . Defendants negligently caused [Plaintiff] to suffer severe emotional distress." (Docket 4 at 21).

In Count XII, Plaintiff asserts that the Board "has been unjustly enriched by failing to return . . . Plaintiff's tuition for the Spring Semester 2011." (Docket 4 at 22.) Plaintiff states that he paid tuition for that semester. However, he also states that he was dismissed on January 5, 2011, but still enrolled in classes for that semester. Further, he indicates that he received grades for that semester despite his dismissal. (*Id.*)[5]

These claims for negligence, negligent infliction of emotional distress, and unjust enrichment are the only possible properly plead claims in Plaintiff's complaint. However, as these are the only remaining claims, and they are state law claims, they cannot provide the basis for federal jurisdiction.[6] Also, as discussed above, Defendants are immune from state law claims against them in federal court. *Pennhurst*, 465 U.S. at 121. Furthermore, Plaintiff cannot rely on diversity of citizenship for the Court to hear these claims because all parties are considered

---

[5] Defendant argues that Plaintiff has failed to provide the requisite notice to the Board of his intent to pursue this claim. (Docket 7 at 19.) Because the pending action was filed in federal court, the state law requiring notice is inapplicable. *See D.W. v. Walker*, No. 2:09-cv-60, 2009 WL 1393818 (S.D. W. Va. May 15, 2009). Accordingly, Defendant's motion to dismiss this claim would otherwise be denied on this basis.

[6] For the same reason, this Court lacks jurisdiction over Plaintiff's claims for invasion of privacy and intentional infliction of emotional distress.

citizens of West Virginia. Therefore, the Court does not have proper subject matter jurisdiction to hear this claim. As such, Defendants' motions to dismiss this claim are **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss [Dockets 6 and 8] are **GRANTED**. The Court **DISMISSES** Plaintiff's complaint and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 30, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE